Lee Holen (Alaska Bar No. 7810071)
**Lee Holen Law Office**
113 W. Northern Lights Blvd., Suite 218
Anchorage, AK 99503
Telephone: (907) 278-0298
Facsimile: (907) 278-0247
Email: leeholen@alaska.net

Janette Wipper (Cal. State Bar No. 275264)
Chaya Mandelbaum (Cal. State Bar No. 239084)
**Sanford Wittels & Heisler, LLP**
555 Montgomery Street, Suite 1206
San Francisco, CA 94111
Telephone: (415) 813-3100
Facsimile: (415) 813-3101
Email: jwipper@swhlegal.com
Email: cmandelbaum@swhlegal.com
(pending *pro hac vice* admission)

*Attorneys for Plaintiff Laura Lee Peterson,
and the Plaintiff Class*

# UNITED STATES DISTRICT COURT

## DISTRICT OF ALASKA

| | |
|---|---|
| LAURA LEE PETERSON, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiffs,<br><br>v.<br><br>ALASKA COMMUNICATIONS SYSTEMS GROUP, INC. AND ALASKA COMMUNICATIONS SYSTEMS HOLDINGS, INC.,<br><br>d/b/a ALASKA COMMUNICATIONS<br><br>Defendants. | **Case No.**<br><br>**CLASS ACTION AND COLLECTIVE ACTION COMPLAINT FOR VIOLATIONS OF FLSA AND AWHA** (29 U.S.C § 201, *et seq.*, and AS 23.10.050, *et seq.*) |

1
Peterson v. Alaska Communications Systems Group, Inc. et al, Case No. _____
CLASS AND COLLECTIVE ACTION COMPLAINT
Case 3:12-cv-00090-TMB   Document 1   Filed 04/30/12   Page 1 of 15

Plaintiff Laura Lee Peterson is a former employee of Defendants Alaska Communications Systems Group, Inc. and Alaska Communications Systems Holdings, Inc. (collectively "Alaska Communications" "the Company" or "Defendants"). Plaintiff, individually and on behalf of all others similarly situated (defined below), complains by her attorneys, Lee Holen Law Office and Sanford Wittels & Heisler, LLP, as follows:

## I. JURISDICTION AND VENUE

1. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 because the action involves a federal statute, the Fair Labor Standards Act, 29 U.S.C. §§ 201, *et seq*. The Court has supplemental jurisdiction over the state law wage and hour claims under 28 U.S.C. § 1367 because those claims derive from a common nucleus of operative fact.

2. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b) because Defendants reside in this district and because a substantial part of the events giving rise to the claims occurred in this District.

3. Defendants are subject to personal jurisdiction in the District of Alaska because they maintain their headquarters in Alaska and transact business in the state. Additionally, many of the wrongs alleged in this complaint were committed in Alaska, where Alaska Communications employed Plaintiff, all members of the proposed state class, and most members of the proposed federal collective action.

## II. OVERVIEW OF ALASKA COMMUNICATIONS' VIOLATIONS OF FEDERAL AND STATE WAGE AND HOUR OVERTIME LAWS

4. An employer's obligation to pay its employees overtime wages is more than a matter of private concern between the parties. Rather, this duty carries out the dictates of Congress and the state legislature of Alaska, and is founded on a compelling public policy judgment: in a modern, humane society, workers are entitled to work a livable number of hours

2
Peterson v. Alaska Communications Systems Group, Inc. et al, Case No. _____
CLASS AND COLLECTIVE ACTION COMPLAINT
Case 3:12-cv-00090-TMB   Document 1   Filed 04/30/12   Page 2 of 15

at a livable wage. The statutes and regulations compelling employers to pay overtime were designed not only to benefit individual workers but also to serve a compelling societal goal: reducing unemployment by giving the employer a disincentive to concentrate work in a few overburdened hands and an incentive to instead hire additional employees. Especially in today's economic climate, the importance of spreading available work to reduce unemployment cannot be overstated.

5. The Defendants have trampled on these important federal and state interests in pursuit of their own single-minded interest in profits. Alaska Communications, by its own report, operates one of Alaska's most extensive telecommunications networks. According to the Alaska Department of Labor and Workforce Development, Alaska Communications is one of this state's largest private sector employers. It is Alaska's leading provider of broadband and other wireline and wireless solutions to enterprise and mass market customers and, in 2011, garnered over 125 million dollars as an operating profit.

6. Despite this success, which was made possible only through the work of over 800 dedicated employees, Alaska Communications has systematically denied the class of sales and marketing employees suing here basic overtime pay mandated by the Fair Labor Standards Act ("FLSA") and the Alaska Wage and Hour Act ("AWHA"). Alaska Communications accomplishes this deprivation by misclassifying these employees as exempt from the benefits of both federal and state overtime laws. In furtherance of its scheme, despite illegally paying the employees on a salary basis, Alaska Communications still forces its sales and marketing employees to complete false time sheets indicating that they do not work overtime hours. On a bi-weekly basis, the sales and marketing employees are required to submit timesheets indicating

3
Peterson v. Alaska Communications Systems Group, Inc. et al, Case No. _____
CLASS AND COLLECTIVE ACTION COMPLAINT
Case 3:12-cv-00090-TMB   Document 1   Filed 04/30/12   Page 3 of 15

that they work eight hours each workday and forty hours each work week even though the employees routinely work more than eight hours per day and more than forty hours each week.

7. In 2011, Plaintiff Peterson attempted repeatedly to rectify this injustice; she asked that Alaska Communications reconsider the exempt classification it had ascribed to her position. Her repeated requests fell on deaf ears, and on July 8, 2011, Plaintiff filed a wage claim with the Alaska Department of Labor and Workforce Development. On November 1, 2011 after conducting an investigation, the Alaska Department of Labor and Workforce Development notified Alaska Communications that it was misclassifying Plaintiff's sales position, and that Ms. Peterson was entitled to over $100,000 dollars in overtime back pay and an equal amount in liquidated damages. In spite of the Alaska Department of Labor findings, Alaska Communications soldiered on with its strategy of misclassification, determined to deprive its sales and marketing employees of the overtime pay that is their due.

8. Plaintiff sues on behalf of herself and other similarly situated sales and marketing employees who work or have worked for Alaska Communications and who elect to opt into this action pursuant to the FLSA, 29 U.S.C. §§ 201 *et seq.*, and specifically the collective action provision of FLSA 29 U.S.C. § 216(b). This action claims that Alaska Communications has violated the wage-and-hour provisions of the FLSA by depriving the Plaintiff, as well as others similarly situated to the Plaintiff, of their lawful overtime wages.

9. For at least three years prior to the filing of this Complaint, Alaska Communications has willfully committed widespread violations of the FLSA and the AWHA by, *inter alia*, misclassifying its sales and marketing employees as salaried **exempt** employees. Specifically, Alaska Communications has failed to pay overtime to its employees who are in sales and marketing positions below the level of Vice President and upon whom it has

4
Peterson v. Alaska Communications Systems Group, Inc. et al, Case No. _____
CLASS AND COLLECTIVE ACTION COMPLAINT
Case 3:12-cv-00090-TMB   Document 1   Filed 04/30/12   Page 4 of 15

placed numerous and ever shifting job titles including, but not limited to, Senior Manager Carrier Sales, Account Executive, Marketing Specialist, Marketing Manager, Senior Manager Marketing, Sales Manager, Manager of Business Development, Director of Client Development and Director of Marketing and Product Development (generally referred to as "sales and marketing employees"), when in fact these employees are **not exempt** from federal or state wage and hour laws. Accordingly, Alaska Communications is liable for failing to pay such employees for overtime hours worked in excess of 8 hours per day and/or 40 hours per week at a rate of one-and-one-half times their regular rate of pay.

10. Plaintiff and all similarly situated employees who elect to participate in this action seek unpaid overtime compensation, an equal amount in liquidated damages and/or prejudgment interest, attorneys' fees, and costs pursuant to 29 U.S.C. § 216(b) of the FLSA.

11. Plaintiff also brings this action under the overtime statute of Alaska, the AWHA. Specifically, Plaintiff sues on behalf of herself and a class of other similarly situated current and former Alaska Communications sales and marketing employees who work or have worked for Alaska Communications in the State of Alaska (defined below).

12. Plaintiff asserts that she and the class are entitled to unpaid overtime premium wages for their work beyond 8 hours per workday and/or 40 hours per week, an equal amount in liquidated damages, attorneys' fees, and costs pursuant to the AWHA, A.S. 23.10.110.

### III. THE PARTIES

#### A. The Representative Plaintiff

13. **Plaintiff Laura Lee Peterson** ("Ms. Peterson") resides in Anchorage, Alaska.

14. Ms. Peterson worked for Alaska Communications in Anchorage, Alaska from August 2003 until May 25, 2011.

5
Peterson v. Alaska Communications Systems Group, Inc. et al, Case No. _____
CLASS AND COLLECTIVE ACTION COMPLAINT
Case 3:12-cv-00090-TMB   Document 1   Filed 04/30/12   Page 5 of 15

15. Ms. Peterson began working for Alaska Communications in August 2003 as a Market Analyst. In April 2004, she moved into a sales role titled Manager, Business Development.

16. On July 1, 2008, Ms. Peterson continued in her sales role, but under the title Senior Manager, Carrier Sales. In all of her positions, Alaska Communications deprived Ms. Peterson of overtime pay by misclassifying her as an exempt employee.

17. As a Senior Manager, Carrier Sales at Alaska Communications, Ms. Peterson's primary duty was selling and promoting Alaska Communications' products and services. Most of her sales efforts were undertaken through communications with clients and potential clients via email or telephone calls. The vast majority of her work time was spent at her desk at Alaska Communications' headquarters in Anchorage or at her home office. Even though Alaska Communications maintained inaccurate time records indicating that Ms. Peterson worked exactly forty hours each week, in actuality she routinely worked in excess of eight hours per day and in excess of forty hours per week. In typical weeks, she would work over sixty hours, without any payment of overtime compensation.

18. As a direct result of Alaska Communications' conduct, Ms. Peterson has suffered harm, injury and damages in addition to being deprived of the wages, overtime and other legal protections to which she was entitled under the FLSA and the AWHA.

19. On July 8, 2011, Plaintiff filed a wage claim with the Alaska Department of Labor and Workforce Development. On November 1, 2011, the Alaska Department of Labor and Workforce Development notified Alaska Communications that Ms. Peterson did not qualify as an exempt employee and was entitled to unpaid overtime compensation and liquidated damages.

6
Peterson v. Alaska Communications Systems Group, Inc. et al, Case No. _____
CLASS AND COLLECTIVE ACTION COMPLAINT
Case 3:12-cv-00090-TMB   Document 1   Filed 04/30/12   Page 6 of 15

### B. The Defendants

20. Defendant Alaska Communications Systems Group, Inc. is, and at all material times herein was, a corporation organized under the laws of the State of Delaware with its principal place of business in Anchorage, Alaska. It provides integrated communications services such as voice data and IP telecommunications services to consumer, business and wholesale customers in Alaska and other parts of the United States.

21. Defendant Alaska Communications Systems Holdings, Inc. is a wholly owned subsidiary of Defendant Alaska Communications Systems Group, Inc. Its leadership is compromised of the same individuals fulfilling the same operational roles as its parent entity, and it shares the same headquarters in Anchorage, Alaska. It is, and at all material times herein was, a corporation organized under the laws of the State of Delaware with its principal place of business in Anchorage, Alaska. It provides integrated communications services such as voice data and IP telecommunications services to consumer, business and wholesale customers in Alaska and other parts of the United States.

22. At all relevant times, Alaska Communications was and is legally responsible for all of the unlawful conduct, policies, practices, acts and omissions as described in each and all of the foregoing paragraphs as the employer of Plaintiff and the class members.

23. At all relevant times, the unlawful conduct against Plaintiff and class members as described in each and all of the foregoing paragraphs was actuated, in whole or in part, by a purpose to serve Alaska Communications. At all relevant times, upon information and belief, the unlawful conduct described in each and all of the foregoing paragraphs was reasonably foreseeable by Alaska Communications and committed under actual or apparent authority

7
Peterson v. Alaska Communications Systems Group, Inc. et al, Case No. _____
CLASS AND COLLECTIVE ACTION COMPLAINT
Case 3:12-cv-00090-TMB   Document 1   Filed 04/30/12   Page 7 of 15

granted by Alaska Communications such that all of the aforementioned unlawful conduct is legally attributable to Alaska Communications.

24. The overtime wage provisions set forth in § 206 and § 207 of the FLSA and Section 23.10.060 of the AWHA apply to Alaska Communications. Defendants' sales and marketing jobs are not positions that fall within any exception or exemption to 29 U.S.C. § 213(a)(1) or to Sections 23.10.055 or 23.10.060 of the AWHA.

## IV. COLLECTIVE ACTION ALLEGATIONS UNDER THE FLSA

25. Plaintiff seeks to bring her FLSA claims on behalf of all persons who worked for Alaska Communications as a sales or marketing employee below the level of Vice President at any time from April 30, 2009 until the date of judgment.

26. The FLSA Collective Action Plaintiffs ("FLSA Collective Plaintiffs") whom Plaintiff seeks to represent is defined as:

> Every person who works or has worked as a full-time sales or marketing employee below the level of Vice President at Alaska Communications for at least one day in any state, commonwealth or territory of the United States of America during the period from April 30, 2009 to the date of judgment who timely opt in to this action.

27. Plaintiff and FLSA Collective Plaintiffs' primary responsibility as sales and marketing employees was to market, promote and sell Alaska Communications' products and services to current and prospective customers. They primarily performed their duties from Defendants' places of business. Plaintiff and the FLSA Collective Plaintiffs primary source of compensation was their salaries and the remainder of their compensation came from bonuses or other performance based enhancements. Plaintiff and the FLSA Collective Plaintiffs perform, and have consistently performed, substantially similar duties and are subject to the same policies and restrictions.

8
Peterson v. Alaska Communications Systems Group, Inc. et al, Case No. _____
CLASS AND COLLECTIVE ACTION COMPLAINT
Case 3:12-cv-00090-TMB   Document 1   Filed 04/30/12   Page 8 of 15

28. Under § 213(a) of the FLSA, Alaska Communications treated Ms. Peterson and the FLSA Collective Plaintiffs as exempt from the statute's overtime pay requirements.

29. Plaintiff and the FLSA Collective Plaintiffs routinely worked more than forty hours per week without overtime compensation.

30. Alaska Communications misclassifies non-exempt sales and marketing employees, including Plaintiff and the FLSA Collective Plaintiffs, as exempt employees. Sales and marketing employees at Alaska Communications do not come within any exemption to the protections of the FLSA, including its overtime pay requirements.

31. Alaska Communications engaged in, and continues to engage in, a practice of improperly misclassifying non-exempt sales and marketing employees as salaried exempt employees.

32. Alaska Communications has misclassified Ms. Peterson, and the FLSA Collective Plaintiffs, as exempt from overtime pay requirements of the FLSA, despite their regular performance of non-exempt duties.

33. Alaska Communications did not pay Ms. Peterson or the FLSA Collective Plaintiffs for hours they worked over forty per week at a rate of one-and-one-half times their regular rate of pay.

## V. CLASS ACTION ALLEGATIONS UNDER THE AWHA

34. Plaintiff Laura Lee Peterson brings this class action pursuant to the Federal Rules of Civil Procedure Rule 23 to recover damages under the Alaska Wage and Hour Act, Section 23.10.060, and to recover overtime wages on behalf of herself and a Class of Alaska Communications' sales and marketing employees below the level of Vice President who have worked or are working for Alaska Communications in Alaska and who have been deprived of

9
Peterson v. Alaska Communications Systems Group, Inc. et al, Case No. _____
CLASS AND COLLECTIVE ACTION COMPLAINT
Case 3:12-cv-00090-TMB   Document 1   Filed 04/30/12   Page 9 of 15

lawful overtime wages as mandated by the Alaska Wage and Hour Act and governing regulations ("AWHA Class"). This action includes all such Alaska employees whom Alaska Communications continues to deprive of required overtime wages in the future.

35. The AWHA Class that Plaintiff Peterson seeks to represent is composed of and defined as follows:

Every person who works or has worked as a part-time or full-time sales or marketing employee below the level of Vice President for Alaska Communications for at least one day in the State of Alaska during the period April 30, 2010 to the date of judgment who does not timely opt out of this action.

36. This action is properly brought as a class action under Federal Rules of Civil Procedure Rule 23 for the following reasons:

a. Numerosity: The potential members of the AWHA Class as defined are so numerous that joinder of all the members of the class is impracticable.

b. Commonality: There are questions of law and fact common to Plaintiff and the AWHA Class that predominate over any questions affecting only individual members of the Class. These common questions of law and fact include, without limitation:

i. Whether Alaska Communications improperly withheld overtime wages from the AWHA Class;

ii. Whether Alaska Communications is liable to the AWHA Class; and

iii. Whether the AWHA Class can be made whole by payment of damages.

c. Typicality: Plaintiff's claims are typical of the claims of the AWHA Class. Plaintiff and all members of the AWHA Class sustained injuries and damages arising out of and

10
Peterson v. Alaska Communications Systems Group, Inc. et al, Case No. _____
CLASS AND COLLECTIVE ACTION COMPLAINT
Case 3:12-cv-00090-TMB   Document 1   Filed 04/30/12   Page 10 of 15

caused by Alaska Communications' common course of conduct in violation of law as alleged herein.

        d.      Adequacy of Representation: Plaintiff will fairly and adequately represent and protect the interests of the AWHA Class. Counsel who represent Plaintiff are competent and experienced in litigating large wage and hour and other employment class actions.

        e.      Superiority of Class Action: A class action is superior to other available means for fair and efficient adjudication of this controversy. Individual joinder of all class members is not practicable, and questions of law and fact common to the class predominate over any questions affecting only individual members of the class. Each class member has been damaged and is entitled to recovery by reason of Alaska Communications' illegal policies and/or practices of permitting, encouraging, and/or requiring its sales and marketing employees to work in excess of forty hours per week and/or eight hours per day, without paying overtime compensation. The expense of individual litigation may be prohibitive and render it impractical for class members to sue Alaska Communications for wrongfully withheld overtime wages. Class action treatment will allow those similarly situated persons to litigate their claims in the manner that is most efficient and economical for the parties and the judicial system.

## VI.   CLAIMS FOR RELIEF

### FIRST CLAIM FOR RELIEF (FLSA)

37. Plaintiff alleges and incorporates by reference the preceding paragraphs of this complaint as if fully alleged herein.

38. At all relevant times, Alaska Communications has been, and continues to be, an "employer" engaged in interstate commerce and/or in the production of goods for interstate commerce within the meaning of the FLSA, 29 U.S.C. § 203. At all relevant times, Alaska

11
Peterson v. Alaska Communications Systems Group, Inc. et al, Case No. _____
CLASS AND COLLECTIVE ACTION COMPLAINT
Case 3:12-cv-00090-TMB   Document 1   Filed 04/30/12   Page 11 of 15

Communications has employed hundreds of employees, including Plaintiff and the FLSA Collective Plaintiffs.

39. Alaska Communications willfully violated the FLSA by misclassifying Plaintiff and the FLSA Collective Plaintiffs as exempt employees, therefore a three-year statute of limitations applies to such violations, pursuant to 29 U.S.C. § 255.

40. Since at least April 30, 2009, Alaska Communications has willfully and intentionally engaged in a widespread pattern and practice of violating the provisions of the FLSA, as detailed herein, by misclassifying Plaintiff and the FLSA Collective Plaintiffs, thereby failing and refusing to pay the proper hourly wage compensation to them, in accordance with § 206 and § 207 of the FLSA.

41. Because of Alaska Communications' violations of the FLSA, Plaintiff and the FLSA Collective Plaintiffs have suffered damages by being denied overtime wages in accordance with § 206 and § 207 of the FLSA.

42. Alaska Communications has not made a good faith effort to comply with the FLSA with respect to its compensation of Plaintiff and the FLSA Collective Plaintiffs.

43. As a result of the unlawful acts of Alaska Communications, Plaintiff and the FLSA Collective Plaintiffs have been deprived of overtime compensation in amounts to be determined at trial, and are entitled to recovery of such amounts, liquidated damages, prejudgment interest, attorneys' fees, costs, and other compensation pursuant to 29 U.S.C. § 216(b).

12
Peterson v. Alaska Communications Systems Group, Inc. et al, Case No. _____
CLASS AND COLLECTIVE ACTION COMPLAINT
Case 3:12-cv-00090-TMB   Document 1   Filed 04/30/12   Page 12 of 15

## SECOND CLAIM FOR RELIEF (ALASKA WAGE AND HOUR ACT)

44. Plaintiff Peterson alleges and incorporates by reference the preceding allegations of this complaint as if fully alleged herein.

45. Since at least July 8, 2009, two years before Plaintiff filed her claim with the Alaska Department of Labor and Workforce Development, Alaska Communications failed to fully compensate Plaintiff, and instead misclassified her as exempt from the overtime pay requirements of the Alaska Wage and Hour Act Section 23.10.060. Since at least April 30, 2010, Alaska Communications improperly failed to compensate the AWHA Class whom the company has misclassified as exempt from the requirements of the AWHA Section 23.10.060.

46. Specifically, Alaska Communications has not properly paid Plaintiff and the AWHA Class compensation for hours worked in excess of a forty-hour work week and eight hour work day. Under Section 23.10.060, however, "If an employer finds it necessary to employ an employee for hours in excess of the limits set in this subsection, overtime compensation for the overtime at the rate of one and one-half times the regular rate of pay shall be paid."

47. Consequently, Plaintiff and the AWHA Class have not received in the past, and currently do not receive, overtime compensation that is their due. Alaska Communications has violated the AWHA and applicable regulations.

48. Plaintiff and the AWHA Class are entitled to recover unpaid overtime wages, liquidated damages, attorneys' fees and costs pursuant to A.S. 23.10.110.

13
Peterson v. Alaska Communications Systems Group, Inc. et al, Case No. _____
CLASS AND COLLECTIVE ACTION COMPLAINT
Case 3:12-cv-00090-TMB   Document 1   Filed 04/30/12   Page 13 of 15

## VII. DEMAND FOR JURY TRIAL

49. Plaintiff and the FLSA Collective Plaintiffs and AWHA Class defined herein demand a jury trial on all issues of fact or law so triable.

## VIII. PRAYER FOR RELIEF

50. WHEREFORE, Plaintiff on behalf of herself and the FLSA Collective Plaintiffs and AWHA Class she seeks to represent in this action request the following relief:

    a. That, at the earliest possible time, the Plaintiff be allowed to give notice of this collective and class action, or that the court issue such notice, to all persons who at present are or have been at any time during the past three years (FLSA Collective Plaintiffs), or two years (AWHA Class) immediately preceding the filing of this suit, up through and including the date of this Court's issuance of Court-supervised Notice, been employed by Alaska Communications as a sales or marketing employee as defined herein. Such persons shall be informed that this civil action has been filed, of the nature of the action, and of their right to join this lawsuit if they believe they were misclassified as an exempt employee;

    b. That the Court determine that this action may be maintained as a collective action under 29 U.S.C. § 216(b) and as a class action under the Federal Rules of Civil Procedure Rule 23;

    c. Unpaid wages and liquidated damages pursuant to the federal Fair Labor Standards Act in an amount to be determined at trial;

    d. Unpaid wages and liquidated damages pursuant to the Alaska Wage and Hour Act in an amount to be determined at trial;

    e. Pre- and post-judgment interest;

    f. Reasonable attorneys' fees and costs; and

14
Peterson v. Alaska Communications Systems Group, Inc. et al, Case No. _____
CLASS AND COLLECTIVE ACTION COMPLAINT
Case 3:12-cv-00090-TMB   Document 1   Filed 04/30/12   Page 14 of 15

g. Such other and further relief as this Court may deem appropriate.

Dated: April 30, 2012
Anchorage, Alaska

Respectfully submitted,
By:

　　*/s/* Lee Holen
Lee Holen (Alaska Bar No. 7810071)
**Lee Holen Law Office**
113 W. Northern Lights Blvd., Suite 218
Anchorage, AK 99503
Telephone: (907) 278-0298
Facsimile: (907) 278-0247
Email: leeholen@alaska.net


Janette Wipper (Cal. State Bar No. 275264)
Chaya Mandelbaum (Cal. State Bar No. 239084)
**Sanford Wittels & Heisler, LLP**
555 Montgomery Street, Suite 1206
San Francisco, CA 94111
Telephone: (415) 813-3100
Facsimile: (415) 813-3101
Email: jwipper@swhlegal.com
Email: cmandelbaum@swhlegal.com
(pending *pro hac vice* admission)

*Attorneys for Plaintiff and the Class*

15
Peterson v. Alaska Communications Systems Group, Inc. et al, Case No. _____
CLASS AND COLLECTIVE ACTION COMPLAINT
Case 3:12-cv-00090-TMB   Document 1   Filed 04/30/12   Page 15 of 15