IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| LAURA LEE PETERSON, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>ALASKA COMMUNICATIONS SYSTEMS GROUP, INC. and ALASKA COMMUNICATIONS SYSTEMS HOLDINGS, INC.,<br><br>Defendants. | Case No. 3:12-cv-00090-TMB<br><br>ORDER DENYING MOTION TO DISMISS |

This matter comes before the Court on the motion to dismiss by Defendants Alaska Communications System Group, Inc. and Alaska Communications Systems Holdings, Inc. (together "ACS").[1] The motion was fully briefed.[2] The parties did not request oral argument, and the Court finds that it would not be helpful. For the reasons stated below, the Court denies ACS's motion to dismiss. The Court declines to determine, at this point, whether this action is appropriate for class certification.

I.  Background

In the "Class Action and Collection Action Complaint for Violations of FLSA and AWHA" (the "Complaint" or "Compl."), Plaintiff Laura Lee Peterson alleges that her former employer, ACS, violated the Fair Labor Standards Act ("FLSA") and the Alaska Wage and Hour Act ("AWHA") by misclassifying her as a salaried, exempt employee and by not paying her

---

[1] Dkt. 14.

[2] *See* Dkts. 16, 17.

overtime.³ Peterson requests class certification to bring this action on behalf of herself and all others similarly situated.⁴

Peterson worked for ACS in various positions from August 2003 through May 2011.⁵ Peterson alleges that, during the relevant time period, ACS misclassified her as an exempt employee, and so she did not receive overtime pay.⁶ Peterson further alleges that she typically worked over sixty hours per week, though ACS maintained time records indicating that she worked forty hours per week.⁷ According to Peterson, ACS "forces" its sales and marketing employees to fill out false time sheets, indicating that they worked eight hours per day or forty hours per week, even though the employees routinely worked more hours.⁸

Peterson alleges that, in 2011, she requested that ACS change her exempt classification, but "[h]er repeated requests fell on deaf ears."⁹ In July 2011, Peterson filed a complaint with the Alaska Department of Labor and Workforce Development (the "Alaska DOL").¹⁰ The Alaska DOL investigated ACS, and on November 1, 2011, wrote a letter to ACS's counsel informing them that ACS was misclassifying Peterson under Alaska state law, and that ACS owed Peterson

---

³ Dkt. 1 or Compl. ¶¶ 6, 9. Because this is a motion to dismiss, we accept as true the factual allegations in Peterson's complaint. *See Ashcroft v. al-Kidd*, 563 U.S. __, 131 S. Ct. 2074, 2079 (2011).

⁴ Compl. ¶¶ 8, 25-36.

⁵ Compl. ¶¶ 14-16.

⁶ Compl. ¶ 16.

⁷ Compl. ¶ 17.

⁸ Compl. ¶ 6.

⁹ Compl. ¶ 7.

¹⁰ Compl. ¶¶ 7, 19.

overtime backpay.[11]  Attached to the Alaska DOL's letter is a spreadsheet detailing Peterson's weekly work and overtime hours between May 2009 and May 2011.[12]

## II. Rule 12(b)(6) Standard

A complaint must set forth "a short and plain statement of the claim showing that the pleader is entitled to relief."[13]  To survive a motion to dismiss, a complaint must include "[f]actual allegations [that are] enough to raise a right to relief above the speculative level."[14]  In other words, the "complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"[15]  In determining whether a complaint pleads sufficient facts to cross "the line between possibility and plausibility," the court may disregard "[t]hreadbare" legal conclusions.[16]  "[A]llegations in a complaint or counterclaim may not simply recite the elements of a cause of action, but must contain sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively."[17]

---

[11]  *Id.*; *see also* Dkt. 18-1.  In deciding a motion to dismiss, the court may consider external documents that were "incorporated by reference" in the complaint.  *See Holak v. Kmart Corp.,* 1:12-cv-00304-AWI, 2012 WL 6202298, at *2 (E.D. Cal. Dec. 11, 2012) (*citing Knievel v. ESPN,* 393 F.3d 1068, 1076 (9th Cir. 2005)).  Peterson references the November 1, 2011 Alaska DOL letter in her complaint, *see* Compl. ¶¶ 7, 19, and ACS provided a copy of the letter as an exhibit to the declaration of Douglas S. Parker, submitted with ACS's reply brief.  Dkt. 18-1.

[12]  *See* Dkt. 18-1.  The Court notes that the Alaska DOL letter states that Peterson worked on average 54 hours per week between May 2009 and May 2011, but the complaint states that, "[i]n typical weeks, she would work over sixty hours."  Compl. ¶ 17.

[13]  Fed. R. Civ. P. 8(a)(2).

[14]  *Bell Atlantic Corp. v Twombly*, 550 U.S. 544, 555 (2007).

[15]  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly,* 550 U.S. at 570).

[16]  *Id*. at 678 (citing *Twombly,* 550 U.S. at 555).

[17]  *A.E. ex rel. Hernandez v. Cnty. of Tulare*, 666 F.3d 631, 637 (9th Cir. 2012) (quoting *Starr v. Baca,* 652 F.3d 1202, 1216 (9th Cir. 2011)).

"Determining whether a complaint states a plausible claim for relief . . . [is] a context-specific task that requires the reviewing court to draw on its judicial experience and common sense."[18]

### III.     Discussion

ACS moves to dismiss Peterson's complaint for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6).[19] ACS makes three primary arguments: (1) Peterson alleges insufficient facts to establish that she or others were misclassified as exempt employees or that the alleged violations plausibly occurred; (2) Peterson alleges insufficient facts to show that ACS acted willfully under the FLSA; and (3) Peterson alleges insufficient facts to establish that her claims are appropriate for collective action.[20] The Court will address the three arguments in turn.

*(1) The Complaint States a Claim Sufficient to Withstand the Motion to Dismiss.*

To survive a motion to dismiss, a complaint alleging an overtime wage violation of the FLSA must plead: (1) that the defendant was plaintiff's employer; (2) that plaintiff worked more than eight hours per day or forty hours per week; and (3) that plaintiff was not paid overtime.[21]

ACS argues that Peterson's allegations fail to establish that the alleged wage and hour violations plausibly occurred.[22] ACS states there must be something more than "a bare allegation that an employee worked more than forty hours in a workweek," and directs the Court to several cases in which district courts have dismissed plaintiffs' complaints because they

---

[18] *Iqbal*, 556 U.S. at 679.

[19] Dkt. 14.

[20] *Id.*

[21] *Wright v. North Am. Terrazo*, No. 12-cv-2065, 2013 WL 441517, at *3 (W.D. Wash. Feb. 5, 2013); *Acho v. Cort*, No. 09-cv-157-MHP, 2009 WL 3562472, at *2 (N.D. Cal. Oct. 26, 2009).

[22] Dkt. 14 at 3; Dkt. 17 at 3-7.

included only conclusory allegations that the plaintiff worked overtime without overtime pay.[23] For example, in *Deleon v. Time Warner Cable LLC*, the Central District of California granted defendant's motion to dismiss concerning several violations of the California Labor Code.[24] In *Deleon*, the plaintiff's complaint alleged that he and class members worked more than eight hours per day or forty hours per week without overtime compensation.[25] The plaintiff did not allege how many hours he or other class members actually worked.[26] The district court granted defendant's motion because the complaint did nothing more than "slavishly repeat[] the statutory language as the purported factual allegations."[27]

In response, Peterson directs the Court to *Acho v. Cort*, in which the Northern District of California applied a more generous standard, finding that a plaintiff may survive a motion to dismiss by pleading that the plaintiff worked more than forty hours per week and was not paid overtime.[28] The *Acho* court explained that a plaintiff is not required to plead the "specific dates . . . plaintiff allegedly worked overtime" because it is the employer's obligation to maintain those records, and it is unreasonable to expect plaintiff to have that information before discovery.[29]

---

[23] *See* Dkt. 14 at 3; Dkt. 17 at 3. *See* footnote 30, *infra*, for discussion of those cases.

[24] No. 09-cv-2438, 2009 U.S. Dist. LEXIS 74345, at *7 (C.D. Cal. July 17, 2009).

[25] *Id*.

[26] *See id*.

[27] *Id*.; *see also* Wright, 2013 WL 441517, at *6 (granting motion to dismiss where plaintiff failed to allege anything more than that union "unreasonably den[ied] overtime pay").

[28] *Acho*, 2009 WL 3562472, at *2.

[29] *Id.* at *2; *see also Schneider v. Space Systems/Loral, Inc.*, No. 11-cv-2489, 2012 WL 1980819, at *2 (N.D. Cal. June 1, 2012) (finding complaint sufficient where it stated that, "Schneider often worked more than 8 hours in a day in order to complete his required assignments" and that "there were periods when, due to issues he had to deal with on the manufacturing floor, he had to work in excess of 12-hour days").

Here, Peterson's complaint easily meets the *Acho* standard, and provides additional factual allegations to make it distinguishable from *Deleon* and other cases cited by ACS.[30] For example, where the *Deleon* plaintiff only said that he worked more than forty hours per week, Peterson alleges that she typically worked sixty hours per week without overtime compensation.[31] Peterson's complaint does not specifically plead the number of hours or general timeframe in which she worked overtime, but in the November 1, 2011 letter from the Alaska DOL to counsel for ACS, there is an accounting of how many hours of overtime Peterson worked between 2009 and 2011.[32] Along with Peterson's allegations, this is sufficient to "nudge [Peterson's] claims across the line from conceivable to plausible" for purposes of a motion to dismiss.[33] More importantly, the allegations *in toto* give ACS "fair notice" of the "underlying facts" of the claim.[34]

---

[30] *See Jones v. Casey's Gen. Stores*, 538 F. Supp. 2d 1094, 1102 (S.D. Iowa 2008) (dismissing complaint where it included only "generic, conclusory assertions"); *Landers v. Quality Comm's*, No. 2:11-cv-1928-JCM, 2012 U.S. Dist. LEXIS 48794, at *2 (D. Nev. April 6, 2012) (dismissing complaint where it "d[id] not make any factual allegations providing an approximation of the overtime hours worked, plaintiff's hourly wage, or the amount of unpaid overtime wages"); *Anderson v. Blockbuster, Inc.*, No. 2:10-cv-00158-MCE, 2010 WL 1797249, at *3 (E.D. Cal. May 4, 2010) (dismissing complaint that contained only conclusory allegations that plaintiff worked more than forty hours per week); *Villegas v. JP Morgan Chase & Co.*, No. 09-cv-00261, 2009 WL 605833, at *12 (N.D. Cal. Mar. 9, 2010) (N.D. Cal. Nov. 20, 2012) (dismissing complaint where plaintiff merely pleaded that defendant "did not pay Plaintiff overtime wages at the correct overtime rate of pay").

[31] Compl. ¶ 17.

[32] ACS claims that Peterson should be required to present "a more precise statement of her overtime claim." Dkt. 17 at 3. But, the letter from the Alaska DOL provides ACS with "a more precise statement," and more importantly, notice of the facts underlying Peterson's claims.

[33] *Twombly*, 550 U.S. at 570.

[34] *A.E.*, 666 F.3d at 637 (quoting *Starr*, 652 F.3d at 1216).

ACS also argues that Peterson fails to allege facts to establish that she was misclassified as an exempt employee.[35] But, the Ninth Circuit has held that an exemption from the FLSA "is an affirmative defense that must be pleaded and proved by the defendant."[36] ACS may raise this as an affirmative defense in its answer.[37]

### *(2) The Complaint Sufficiently Alleges that ACS Acted Willfully under the FLSA.*

The FLSA imposes a two-year statute of limitations on bringing a claim for violations, unless the violations are shown to be willful, in which case a three-year period applies.[38] A violation of the FLSA is willful if the employer "knew or showed reckless disregard for the matter of whether its conduct was prohibited by the [FLSA]."[39] For an FLSA complaint "[t]o satisfy *Iqbal*, 'it is insufficient to merely assert that the employer's conduct was willful; the Court must look at the underlying factual allegations in the complaint to see if they could support more than an ordinary FLSA violation.'"[40]

---

[35] Dkt. 14 at 3.

[36] *Magana v. Northern Mariana Islands*, 107 F.3d 1436, 1446 (9th Cir. 1997); *see also Dannenbring v. Wynn Las Vegas, LLC*, 2:12-cv-00007-JCM, 2012 WL 3317500, at *6 (D. Nev. Aug. 10, 2012) (denying motion to dismiss FLSA complaint where "factual allegations in the complaint do not conclusively demonstrate that plaintiff was *not* entitled to overtime pay" because "employer bears the burden of demonstrating that the exemption applies") (emphasis added).

[37] The motion to dismiss does not independently address whether Peterson's complaint states a claim under AWHA, so the Court will not independently address that claim.

[38] *See* 29 U.S.C. § 255.

[39] *Chao v. A-One Med. Servs.*, 346 F.3d 908, 918 (9th Cir. 2003) (quoting *McLaughlin v. Richland Shoe Co.*, 486 U.S. 128, 133 (1988)).

[40] *Mell v. GNC Corp.*, No. 10-cv-945, 2010 WL 4668966, at *8 (W.D. Pa. Nov. 9, 2010).

Here, Peterson alleges that ACS's violations were willful in an effort to avail herself of the three-year statute of limitations period.[41] Peterson alleges that ACS "willfully and intentionally"[42] violated the FLSA; and that ACS engaged in a "systematic[]"practice of misclassification.[43] These conclusory statements alone would be insufficient to demonstrate a willful violation.

But, Peterson also alleges that ACS required employees to submit false time sheets.[44] There is no Ninth Circuit guidance as to whether a court should grant a motion to dismiss a claim for an FLSA willfulness violation where the plaintiff alleges that an employer required false time reporting. ACS directs the court to several opinions, decided on summary judgment or after trial, where the courts found that requiring employees to submit false time sheets might not defeat exempt status or demonstrate willfulness.[45] The only case ACS cites that was decided on a motion to dismiss is *Landers v. Quality Comm's*, but that case is not dispositive because the *Landers* court also dismissed the complaint because it made insufficient factual allegations.[46] On the other hand, the Court's research reveals that other district courts have denied motions to

---

[41] Compl. ¶ 39.

[42] Compl. ¶ 40.

[43] Compl. ¶ 6.

[44] *See* Compl. ¶¶ 6, 17.

[45] *See* Dkts. 14, 17 at 9 (discussing *Mathews v. Bronger Masonry, Inc.*, 772 F. Supp. 2d 1004, 1009 (S.D. Ind. 2011) (analysis after trial); *Palmieri v. Nynex Long Distance Co.*, No. 04-cv-138, 2005 WL 1058921 (D. Me. Apr. 22, 2005) (discussing magistrate opinion dated March 28, 2005) (summary judgment); *Schaefer v. Indiana Michigan Power Co.*, 358 F.3d 394, 400 (6th Cir. 2004) (summary judgment); *Lane v. Humana Marketpoint, Inc.*, 2011 WL 2181736 (D. Idaho June 6, 2011) (summary judgment)).

[46] No. 2:11-cv-1928-JCM, 2012 U.S. Dist. LEXIS 48794, at *2 (D. Nev. April 6, 2012).

dismiss where the complaint included similar allegations to those in Peterson's complaint.[47] The Court finds the reasoning of those other district courts more convincing and appropriate at the motion to dismiss stage.

Peterson also alleges that she "attempted repeatedly" to have ACS reconsider her exempt status, and that this request fell on "deaf ears."[48] ACS correctly points out that Peterson's allegation concerning her internal complaints is scant on detail – Peterson does not allege when she complained, the format of her complaint, or to whom she complained.[49] Nevertheless, the Court finds that Peterson's allegations concerning internal complaints, particularly in conjunction with her allegations concerning false time sheets, are sufficient to withstand a motion to dismiss.

Finally, Peterson alleges that in November 2011, the Alaska DOL reported to ACS that it believed ACS was violating AWHA. ACS argues this allegation does not demonstrate willfulness because Peterson made the complaint to the Alaska DOL after she ceased working for ACS, because the letter considered violations of AWHA rather than FLSA, and because evidence of Peterson's complaint to the Alaska DOL might be inadmissible.[50] The Court agrees

---

[47] See *Nobles v. State Farm Mut. Auto. Ins. Co.*, 2:10-cv-04175-NKL, 2011 WL 1131100 (W.D. Mo. Mar. 28, 2011) (complaint survives motion to dismiss where plaintiff alleged that employer "willfully failed to keep accurate time records in order to save payroll costs"); *Monroe v. FTS USA, LLC*, No. 2:08-cv-02100-BBD, 2008 WL 2694894, at *3 (W.D. Tenn. July 9, 2008) (denying motion to dismiss where plaintiff alleged "Defendants' failure to keep accurate wage and hour records constitutes a willful violation of the FLSA").

[48] Compl. ¶ 7.

[49] Dkt. 14. See *Mell*, 2010 WL 4668966, at *7 (dismissing complaint, in part, because plaintiff failed to provide factual allegations to support claim, for example, "what the [overtime] work consisted of, how the ["off the clock"] policy was imposed, approximately how many hours each week they worked without being paid" or whether plaintiff ever complained to a supervisor or the supervisor's response).

[50] Dkt. 14 at 9.

that the Alaska DOL's November 2011 findings might not demonstrate willfulness towards Peterson, but the allegation could be relevant should this case proceed as a class action. The Court need not otherwise evaluate ACS's claim with respect to Peterson's complaint to the Alaska DOL because the other allegations of willfulness, as discussed above, are sufficient to withstand ACS's motion to dismiss.

### *(3) The Court Declines to Address whether Petersons' Claims are Appropriate for Collective Action.*

ACS argues that the Court should dismiss Peterson's collective class action claims because she failed to plead sufficient facts demonstrating that this case is appropriate for class certification.[51] Peterson responds that ACS's arguments are premature.[52]

A court may consider a motion to deny class certification before a plaintiff files its motion for class certification.[53] But, before the court determines whether to deny class certification, a plaintiff should be given "an opportunity to present evidence as to whether a class action is maintainable," and an opportunity to conduct discovery to obtain that evidence.[54] ACS suggests that this rule of law is outdated, but recent decisions reinforce its applicability.[55]

---

[51] Dkt. 14 at 10.

[52] Dkt. 16 at 13.

[53] *See Vinole v. Countrywide Home Loans, Inc.*, 571 F.3d 935, 937 (9th Cir. 2009) ("no rule or decisional authority prohibited [defendant] from filing its motion to deny certification before Plaintiffs filed their motion to certify" where "Plaintiffs had ample time to prepare and present their certification argument").

[54] *Edwards v. First Am. Corp.*, 385 Fed. App'x 629, 631 (9th Cir. 2010) (*citing Doninger v. Pac. Nw. Bell, Inc.*, 564 F.2d 1304, 1313 (9th Cir. 1977)).

[55] Dkt. 17 at 1. *See In re Wal-Mart Stores, Inc.*, 505 F. Supp. 2d 609, 615 (N.D. Cal. 2007) (stating, in class action brought by employees against employer, that "the granting of motions to dismiss class allegations before discovery has commenced is rare"); *Holak*, 2012 WL 6202298, at *7-8 (denying motion to strike plaintiff's employee class allegations concerning overtime and minimum wage because defendant's arguments were premature before defendant's answer and

The Court finds that ACS's request to deny class certification is premature. Pursuant to Federal Rule of Civil Procedure 23(c)(1), Peterson shall file a motion for class certification "as soon as practicable" after Defendant ACS answers the complaint.[56]

## IV.  Conclusion

For the foregoing reasons, the Court DENIES ACS's motion to dismiss (Docket 14). ACS shall file its answer to the complaint within 21 days. Peterson shall file a motion for class certification "as soon as practicable" thereafter.

Dated at Anchorage, Alaska, this 27th day of March 2013.

                       /S/ TIMOTHY M. BURGESS
                       TIMOTHY M. BURGESS
                       UNITED STATES DISTRICT JUDGE

---

discovery); *Baas v. Dollar Tree Stores, Inc.*, No. 07-03108, 2007 WL 2462150, at *3 (N.D. Cal. Aug. 29, 2007) (same).

[56]  *See* Fed. R. Civ. P. 23(c)(1).