IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| LAURA LEE PETERSON, Individually and on Behalf of All Others Similarly Situated, and MATTHEW SMITH, HILARY FISHER, and JENNIFER CARGILE,<br><br>Plaintiffs,<br><br>v.<br><br>ALASKA COMMUNICATIONS SYSTEMS GROUP, INC., and ALASKA COMMUNICATIONS SYSTEMS HOLDINGS, INC., d/b/a ALASKA COMMUNICATIONS,<br><br>Defendants. | Case No. 3:12-cv-00090-TMB<br><br>**ORDER DENYING WITHOUT PREJUDICE DEFENDANTS' MOTION IN LIMINE TO EXCLUDE LAURA PETERSON'S DEPOSITION ERRATA** |

## I. INTRODUCTION

At docket 238, Defendants Alaska Communications Systems Group, Inc. and Alaska Communications Systems Holdings, Inc. d/b/a Alaska Communications (together, "ACS") move the Court for an order excluding the deposition errata of Plaintiff Laura Peterson.[1] Plaintiffs filed their response in opposition at docket 242,[2] and ACS replied at docket 250.[3] The Court heard oral argument on the motion on December 13, 2016.[4] Based on the parties' submissions and oral argument, and for the reasons that follow, the Court **DENIES WITHOUT PREJUDICE** ACS' Motion in Limine to Exclude Laura Peterson's Deposition Errata at docket 238.

---

[1] *See also* Dkt. 239 (supporting declaration and exhibits); Dkt. 248 (sealed exhibit).

[2] *See also* Dkt. 243 (supporting declaration); Dkt. 244 (supporting declaration and exhibits).

[3] *See also* Dkt. 251 (supplemental declaration).

[4] Dkt. 258 (minute entry re: oral argument).

## II. BACKGROUND

This is a wage and hour suit in which Peterson alleges, on behalf of herself and purported collective and class members, that ACS misclassified certain of its employees as exempt from overtime in violation of the Fair Labor Standards Act ("FLSA") and the Alaska Wage and Hour Act ("AWHA").[5] Counsel for ACS deposed Peterson on April 5, 2016.[6] Approximately two months later, on June 17, 2016, Peterson certified an errata sheet listing twenty-five changes to her deposition testimony and the reasons for making them.[7] In the motion in limine now before the Court, ACS challenges nine of those changes under Fed. R. Civ. P. 30(e), claiming that the nine changes "are engineered to retract Peterson's damaging deposition testimony" on certain material issues and must be excluded under *Hambleton*.[8]

## III. ANALYSIS

Rule 30(e) permits changes to deposition testimony "in form or substance" if made within thirty days of being notified that the transcript is available and accompanied by a statement of the reasons for making them.[9] The Ninth Circuit interpreted Rule 30(e) as an issue of first impression in *Hambleton Brothers Lumber Co. v. Balkin Enterprises, Inc.*[10] As relevant to this case, in *Hambleton*, the Ninth Circuit was asked to decide whether a district court judge

---

[5] Dkt. 52.

[6] *See* Dkt. 239-1.

[7] Dkt. 239-2. Plaintiffs served ACS with the certified errata sheet on June 21, 2016. Dkt. 244 at ¶ 11.

[8] Dkt. 238 at 3.

[9] In this case, the parties agreed that Peterson would be permitted more than thirty days—until June 21, 2016—to review her transcript and provide any errata. Dkt. 244 at ¶ 10; *see also Paige v. Consumer Programs, Inc.*, No. CV 07-2498-FMC(RCx), 2008 U.S. Dist. LEXIS 125067, at *5 (C.D. Cal. May 13, 2008) (noting parties are permitted to modify Rule 30(e)'s requirements).

[10] 397 F.3d 1217, 1225–26 (9th Cir. 2005).

properly disregarded deposition errata submitted by one of the plaintiff's witnesses in granting summary judgment in favor of the defendant.[11] In affirming the lower court's decision to strike the challenged errata, the *Hambleton* Court, relying on opinions from the Tenth and Seventh Circuits, extended the "sham" affidavit rule, which prohibits a party from creating an issue of fact precluding an unfavorable summary judgment by submitting an affidavit contradicting his prior deposition testimony, to Rule 30(e) deposition errata: "We agree with our sister circuit's interpretation of FRCP 30(e) on this point, and hold that Rule 30(e) is to be used for corrective, and not contradictory, changes."[12]

Since then, most district courts within this Circuit have read *Hambleton* broadly,[13] interpreting the decision to authorize courts to strike deposition errata at procedural postures other than summary judgment (including, in at least one case, at class certification)[14] and permanently (and not solely for the purpose of deciding a specific motion).[15] Many of those courts, like ACS, read *Hambleton* to establish two substantive prohibitions relating to changes to

---

[11] *Id.* at 1224.

[12] *Id.* at 1225–26 (citing *Burns v. Bd. of Cty. Comm'rs*, 330 F.3d 1275 (10th Cir. 2003); *Garcia v. Pueblo Country Club*, 299 F.3d 1233 (10th Cir. 2002); *Thorn v. Sundstrand Aerospace Corp.*, 207 F.3d 383, 389 (7th Cir. 2000)).

[13] *But see Ochoa v. McDonald's Corp.*, No. 14-cv-02098-JD, 2015 U.S. Dist. LEXIS 71234, at *5 (N.D. Cal. June 2, 2015) (rejecting broad interpretation of *Hambleton*); *Paige*, 2008 U.S. Dist. LEXIS 125067 at *9 (refusing to exclude deposition errata under *Hambleton* where no motion for summary judgment had been filed).

[14] *See, e.g.*, *Tourgeman v. Collins Fin. Servs., Inc.*, No. 08-CV-1392 JLS (NLS), 2010 WL 4817990, at *3 (S.D. Cal. Nov. 22, 2010) ("Courts strike errata sheets in contexts beyond summary judgment."); *Lee v. The Pep Boys-Manny Moe & Jack of Cal.*, No. 12-cv-05064, 2015 WL 6471186, at *1–2 (N.D. Cal. Oct. 27, 2015) (striking six errata at class certification).

[15] *See, e.g.*, *Azco Biotech Inc. v. Qiagen, N.V.*, No. 12-cv-2599-BEN (DHB), 2015 WL 350567, at *5 (S.D. Cal. Jan. 23, 2015) (striking deposition errata from record); *Tourgeman*, 2010 WL 4817990, at *4 (deeming deposition errata "inadmissible for all further proceedings"); *Teleshuttle Techs. LLC v. Microsoft Corp.*, No. C04-02927 JW (HRL), 2005 U.S. Dist. LEXIS 34284, at *9 (N.D. Cal. Nov. 29, 2005) (granting stand-alone motion to strike deposition transcript errata).

deposition testimony made pursuant to Rule 30(e)—first, a prohibition against "sham" corrections (i.e., "changes offered solely to create a material factual dispute in a tactical attempt to evade an unfavorable summary judgment"[16]), and second, a separate, more or less per se prohibition against changes that contradict rather than correct the original deposition testimony.[17]

This Court, however, respectfully declines to follow those district courts that have suggested or adopted that broad interpretation, and instead reads *Hambleton* to permit a district court to exclude changes to deposition testimony submitted in the form of an errata sheet "to the same extent [that] new testimony would be impermissible when submitted in the form of an affidavit."[18,19] This tailored reading is more consistent with both the Ninth Circuit's interpretation of the analogous "sham" affidavit doctrine[20] and the out-of-circuit Rule 30(e) decisions on which the *Hambleton* Court relied.[21]

---

[16] *Hambleton*, 397 F.3d at 1225.

[17] *E.g.*, *Karpenski v. Am. Gen. Life Cos., LLC*, 999 F. Supp. 2d 1218, 1224 (W.D. Wash. 2014) ("Even where a court finds that errata are not shams, the court may still strike portions that constitute contradictory rather than corrective changes."); *Lewis v. The CCPOA Benefit Tr. Fund*, No. C-08-03228, 2010 WL 3398521, at *3–4 (N.D. Cal. Aug. 27, 2010) (finding submission of errata did not amount to a sham, but striking errata as contradictory).

[18] *Ochoa*, 2015 U.S. Dist. LEXIS 71234, at *5.

[19] At oral argument, ACS cited *Estate of Tasi v. Municipality of Anchorage*, No. 3:13-cv-00234-SLG, 2016 WL 370694 (D. Alaska Jan. 28, 2016), for the proposition that at least one District of Alaska court had adopted the broad interpretation of *Hambleton*. *See* [Dkt. 258](Dkt. 258). The Court disagrees. In *Estate of Tasi*, the court found that a change to deposition testimony submitted via a Rule 30(e) errata went "beyond a corrective nature" and therefore rejected the defendants' argument that the court should not accord weight to the original testimony at summary judgment. 2016 WL 370694, at *16 n.156.

[20] *See, e.g.*, *Van Asdale v. Int'l Game Tech.*, 577 F.3d 989, 998 (9th Cir. 2009) (describing the sham affidavit rule as "necessary" to maintain the principle that summary judgment is an integral part of the Federal Rules as a whole); *Kennedy Allied Mut. Ins. Co.*, 952 F.2d 262, 266 (9th Cir. 1991) ("[I]f a party who has been examined at length on deposition could raise an issue of fact simply by submitting an affidavit contradicting his own prior testimony, this would greatly diminish the utility of summary judgment as a procedure for screening out sham issues of fact." (quoting *Foster v. Arcata Assoc.*, 772 F.2d 1453, 1462 (9th Cir. 1985)).

[21] In *Thorn*, for example, Judge Posner writing for the Seventh Circuit explained the circumstances in

In its motion in limine, ACS moves to exclude the nine changes to Peterson's deposition testimony permanently and for all purposes, although most immediately for the purpose of opposing class certification and moving for decertification of the collective action. The Court accordingly DENIES ACS' motion. A district court is permitted to resolve factual disputes and, by extension, assess a witness's credibility when deciding whether to certify a class or decertify a collective action[22] and, consequently, is not required (nor, in fact, authorized) to exclude changes to deposition testimony submitted in the form of an errata under *Hambleton*;[23] excluding Rule 30(e) errata, even if the new testimony is inconsistent with the original testimony, simply is not

---

which a trial court may disregard Rule 30(e) deposition errata:

> What [the defendant's witness] tried to do, whether or not honestly, was to change his deposition from what he said to what he meant. Though this strikes us as a questionable basis for altering a deposition, it is permitted by Fed.R.Civ. P. 30(e), which authorizes "changes in form *or substance*," though fortunately the rule requires that the original transcript be retained (this is implicit in the provision of the rule that any changes made by the deponent are to be appended to the transcript) so that the trier of fact can evaluate the honesty of the alteration. We also believe, by analogy to the cases which hold that a subsequent affidavit may not be used to contradict the witness's deposition, that a change of substance which actually contradicts the transcript is impermissible unless it can plausibly be represented as the correction of an error in transcription, such as dropping a 'not.'

207 F.3d at 389 (holding the district court judge should have disregarded the deposition errata for purposes of deciding summary judgment); *see also United States ex rel. Robinson v. Indiana Univ. Health Inc.*, No. 1:13-cv-02009-TWP-MJD, 2016 WL 4592210, at *2 (S.D. Ind. Sept. 2, 2016) ("Instead, *Thorn* permits a trial judge to disregard substantive errata changes on summary judgment where the changes do not reflect errors in transcription.").

[22] *See Ellis v. Costco Wholesale Corp.*, 657 F.3d 970, 980 (9th Cir. 2011) ("When considering class certification under Rule 23, district courts are not only at liberty to, but must perform 'a rigorous analysis [to ensure] that the prerequisites of Rule 23(a) have been satisfied.'" (quoting *Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338, 351 (2011)).

[23] *Ochoa*, 2015 U.S. Dist. LEXIS 71234, at *6 ("The sham affidavit rule and its possible application under Rule 30(e) are not relevant in this context because the Court is not subject to tactical hamstringing over fake fact disputes, but can give altered testimony the weight it deserves."); *see also Robinson*, 2016 WL 4592210, at * 4 (declining to strike deposition errata outside of the context of a motion for summary judgment).

necessary at procedural postures at which a court may assess credibility and weigh evidence.

The Court's denial is without prejudice, and ACS may of course argue that *Hambleton* precludes consideration of Peterson's nine errata changes on summary judgment under the "sham" affidavit doctrine. ACS may also argue that those nine changes warrant little, if any, weight on any other motions (including certification and decertification motions)[24] and/or impeach Peterson with her original deposition testimony at trial.[25]

## IV. CONCLUSION

For the above reasons, ACS' Motion in Limine to Exclude Laura Peterson's Deposition Errata at docket 238 is **DENIED WITHOUT PREJUDICE**.

Dated at Anchorage, Alaska this 23rd day of March, 2017.

/s/ Timothy M. Burgess
TIMOTHY M. BURGESS
UNITED STATES DISTRICT JUDGE

---

[24] *See Weekes v. Ohio Nat'l Life Assurance Corp.*, No. 1:10-cv-566-BLW, 2011 WL 6140967, at *4 (D. Idaho Dec. 9, 2011) (disregarding expert's errata in evaluating whether expert's report should be struck and expert should be excluded from testifying at trial).

[25] *See Thorn*, 207 F.3d at 389 (noting Rule 30(e) "requires that the original transcript be retained . . . so that the trier of fact can evaluate the honesty of the alteration"); *Johnson v. CVS Pharmacy, Inc.*, No. C 10-03232 WHA, 2011 WL 4802952, at *4 (N.D. Cal. Oct. 11, 2011) (declining to strike errata as contradictory, noting that defense counsel can impeach witness at trial with original answers); *see also Podell v. Citicorp Diners Club, Inc.*, 112 F.3d 90, 103 (2d Cir. 1997) ("Nothing in the language of Rule 30(e) requires or implies that the original answers are to be stricken when changes are made.").