IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| LAURA LEE PETERSON, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiffs,<br><br>v.<br><br>ALASKA COMMUNICATIONS SYSTEMS GROUP, INC. AND ALAKSA COMMUNCATIONS SYSTEMS HOLDINGS, INC.,<br>d/b/a ALASKA COMMUNICATIONS<br><br>Defendants. | Case No. 3:12-cv-00090-TMB-MMS<br><br>ORDER ON DEFENDANTS' MOTION FOR RECONSIDERATION (DKT. 418) |

## I. INTRODUCTION

The matter comes before the Court on Defendants Alaska Communication Systems Group, Inc. and Alaska Communications Systems Holdings, Inc., dba Alaska Communications' Motion for Reconsideration (the "Motion").[1] Defendants ask the Court to reconsider its Order Denying Defendants' Motion for Clarification.[2] At the request of the Court, Plaintiffs filed an Opposition.[3] For the reasons discussed below, the Motion for Reconsideration is **DENIED**.

---

[1] Dkt. 418 (Motion).

[2] *Id.* at 1; Dkt. 413 (Order Denying Defendant's Motion for Clarification).

[3] Dkts. 420 (Text Order); 421 (Plaintiffs' Opposition).

1

## II. BACKGROUND

This class action arises out of alleged violations by Defendants of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201, *et seq.*, and the Alaska Wage and Hour Act ("AWHA"), Alaska Stat. §§ 23.10.050, *et seq.*[4] Former ACS employee Laura Lee Peterson filed a wage claim with the Alaska Department of Labor and Workforce Development (the "Alaska DOL") in 2011.[5] The Alaska DOL determined that Peterson was not exempt from the overtime provisions of the AWHA and was therefore entitled to overtime benefits; the Department declined to comment, however, as to whether Peterson was exempt as a matter of federal law under the FLSA.[6]

In 2012, Peterson filed the present suit against Defendants.[7] In their Amended Complaint, Plaintiffs allege that Defendants, as Plaintiffs' employer, "systematically denied the sales, service assurance, and marketing employees . . . basic overtime pay mandated by [FLSA] and [AWHA]."[8] Plaintiffs allege that Defendants "misclassif[ied] these employees as exempt from the benefits of both federal and state overtime laws" and forced, and continue to force, these employees "to complete false time sheets indicating that they do not work overtime hours."[9] The Court conditionally certified the collective action under the FLSA on December 17, 2014.[10] On

---

[4] Dkts. 1 (Complaint); 52 (Amended Complaint).

[5] *See* Dkt. 63-1 at 4 (Medina Declar. Ex. 1).

[6] *Id.*

[7] Dkt 1.

[8] Dkt. 52 at 3.

[9] *Id.*

[10] Dkt. 100 (Order Granting Motion to Conditionally Certify Class). Following conditional certification of the FLSA collective action, twenty-one additional individuals (the "Opt-In Plaintiffs" or the "collective action members") initially opted-in to the action by filing notices with the Court. *See* Dkts. 10; 13, 19, 121–23; 128; 133; 134; 136–39. However, several subsequently

2

August 28, 2018, the Court granted Plaintiffs' Motion for Certification of a Rule 23 Class Action under AWHA.[11]

  A. *Defendants' Motion for Clarification*

On September 18, 2020, in advance of the September 30 deadline for Parties to file final discovery witnesses lists ("FDW Lists"), Defendants filed a Motion for Clarification.[12] Defendants moved for orders on separate issues—clarification and compelling testimony—and the Court granted expedited consideration of the Motion for Clarification only.[13] Defendants sought clarification as to the FDW List requirement in the Scheduling Order and to compel Plaintiffs to provide a list "identifying 'those lay witnesses that the party reasonably believes will testify at trial.'"[14] Defendants were concerned that Plaintiffs planned to disclose an overbroad list, not limited to "reasonably known trial witnesses" or the representative witnesses.[15] Defendants contended that Plaintiffs' approach to list any individual they "may wish to call to testify at trial" would be unduly prejudicial, discourage efficient litigation management, and potentially delay trial.[16]

---

withdrew, *see* Dkts. 178; 203–04; 263; 266; and the District Court removed one, Linda Gutierrez, from the action "after she repeatedly failed to respond to counsel's attempts to contact her, and per stipulation by the parties," *see* Dkt. 389 at 3 (Order re Defendants' Motion to Compel Testimony) (citing Dkt. 233 (Text Order)).

[11] Dkt. 300 (Order Certifying Rule 23 Class).

[12] Dkt. 406 (Motion for Clarification); *see also* Dkt. 396 at 2 (Scheduling Order).

[13] Dkt. 411 (Text Order).

[14] Dkt. 406 at 2 (citation omitted in original)

[15] *Id.* at 3–5.

[16] *Id.* (internal quotation marks omitted).

3

Plaintiffs opposed the Motion for Clarification.[17] Plaintiffs argued Defendants' Motion for Clarification was a "thinly veiled attempt to conduct more depositions of absent class members and collective members and to force Plaintiffs to divulge their final trial strategy."[18] Plaintiffs asserted that they would comply with the Federal and Local Civil Rules and name only individuals they reasonably believed that they may wish to call at trial.[19]

The Court denied Defendants' Motion for Clarification after concluding that:

> Neither Federal Rule of Civil Procedure 16 nor Local Civil Rule 16.1 define the scope of a final discovery witness list. However, the Court's form Scheduling and Planning Conference Report ("26(f) Report"), which has been approved as a template for use by all the judges in this District, is instructive. The 26(f) Report states, "A final discovery witness list disclosing all lay witnesses whom a party may wish to call at trial shall be served and filed on *[date] [this date must be not less than 45 days prior to the close of fact discovery]*." The 26(f) Report then advises, "Each party shall make a good faith attempt to list only those lay witnesses that the party reasonably believes will testify at trial."[20]

The Court further stated that "Plaintiffs represent that they intend to comply with the local requirements of a good faith effort at identifying those lay witnesses that the party reasonably believes will testify at trial" and "[w]ithout the final list in hand, Defendants can only speculate as to who Plaintiffs will identify[.]"[21] Thus, the Court concluded, "ruling on whether Plaintiffs' anticipated witness list will comply with the Federal and Local Civil Rules is premature."[22]

---

[17] Dkt. 412 (Opposition to Motion for Clarification).

[18] *Id.* at 2.

[19] *Id.* at 7–8.

[20] Dkt. 413 at 2 (emphasis in original, internal citations omitted).

[21] *Id.*

[22] *Id.*

4

B. *Defendants' Motion for Reconsideration*

On September 30, 2020, both Parties filed their FDW Lists.[23] Plaintiffs' List included 74 class members and 34 non-class members who are current and former ACS employees, and Plaintiffs reserved the right to call any witnesses identified by Defendants in their FDW List or trial witness lists.[24] Defendants' List included 43 potential witnesses—among them class members, current and former ACS managers, other ACS personnel, and Department of Labor and Workforce Development personnel—and Defendants similarly reserved the right to call "[a]ny individuals about whom [Defendants] become[] are during the course of further discovery" and "[a]ny individual identified" in Plaintiffs' FDW List.[25] Defendants then filed the present Motion for Reconsideration under Alaska Local Rule 7.3(h)(1)(B),[26] and Plaintiffs' filed their Opposition.[27]

### III. LEGAL STANDARD

Reconsideration is "an extraordinary remedy, to be used sparingly and in the interests of finality and conservation of judicial resources."[28] Under Alaska Local Rule ("Local Rule" or

---

[23] Dkts. 414 (Defendants' Final Discovery Witness List); 415 (Plaintiffs' Final Discovery Witness List).

[24] Dkt. 415 at 3–9.

[25] Dkt. 414 at 1–6.

[26] Dkt. 418.

[27] Dkt. 421.

[28] *Blakney v. Prasad*, No. 3:18-cv-00098-TMB, 2019 WL 3253961, at *1 (D. Alaska July 19, 2019) (citation and internal quotation marks omitted); *First Student, Inc. v. Int'l Brotherhood of Teamsters, Local 959*, No. 3:18-cv-00305-SLG, 2019 WL 5026351, at *1 (D. Alaska Oct. 8, 2019).

5

"L.R.") 7.3(h)(1)(B), "[a] court will ordinarily deny a motion for reconsideration absent a showing of . . . discovery of new material facts not previously available."[29]

## IV. ANALYSIS

Defendants move, pursuant to Local Rule 7.3(h)(1)(B), for reconsideration of the Court's Order addressing Defendants' Motion for Clarification.[30] After consideration of the Parties' filings, the Court **DENIES** Defendants' Motion.

As mentioned in the Court's previous order, neither Local Rule 16.1 nor Federal Rule of Civil Procedure 16 outline the scope of a final discovery witness list.[31] And the Court's form Scheduling and Planning Conference Report ("26(f) Report") merely instructs that a final discovery witness list should disclose all lay witnesses whom a party may wish to call at trial and "[e]ach party shall make a good faith attempt to list only those lay witnesses that the party reasonably believes will testify at trial."[32]

---

[29] D. Alaska L.R. 7.3(h)(1)(B); *Alexie v. Hageland Aviation*, No. 4:07–cv–0031–RRB, 2008 WL 6984137, at *1 (D. Alaska Feb. 25, 2008) ("District of Alaska Local Rule[s] [] do[] not establish a standard for granting or denying motions for reconsideration. However, as a question of judicial efficiency, motions for reconsideration should only be sought or granted if the court has overlooked a material fact, misconceived a principle of law directly bearing upon the litigated issue, or if the court's initial decision was clearly erroneous or presents the risk of committing a manifest injustice.").

[30] Dkt. 418 at 1.

[31] Dkt. 413 at 2. The Court located just one Ninth Circuit case, which referenced the scope of a final witness list, but it did so in the context of Federal Rule of *Criminal* Procedure 16. *See United States v. W.R. Grace*, 526 F.3d 499, 503–04, 513–16 (9th Cir. 2008) (finding no abuse of discretion where district court required the Government to disclose its final witness list a year in advance of trial and excluded undisclosed witnesses and reports from the Government's case-in-chief, noting that the Government's initial witness list already named 230 individuals).

[32] Civil Form 26(f) (All Judges), https://www.akd.uscourts.gov/forms/civil-form-26f-all-judges; Dkt. 413 at 2.

6

Defendants argue that reconsideration of the Court's previous order denying Defendants' Motion for Clarification is warranted because Plaintiff's FDW List "clearly contradicts the compliance expected by the Court" and "is precisely what [Defendants] anticipated [Plaintiffs] would do[.]"[33] Defendants contend that when the Court denied Defendants' Motion for Clarification, the Parties had not yet filed their FDW Lists, and the Court expected that Plaintiffs would comply with the Local Rules.[34] Instead, Plaintiffs included "every one of the 73 or so class members" "as well as 34 non-class members"; thus, Plaintiffs' FDW List is not limited to people that class counsel "'reasonably believe[s] will testify at trial'" and violates local rules and expectations.[35]

Defendants reiterate that that "Local Rule 16.1 is intended to allow the parties to see . . . who will mostly likely be testifying against them," and "to narrow the identification of witnesses for discovery purposes[.]"[36] Moreover, Defendants argue, Plaintiffs are required by Local Rule 16.1 and Rule 23, to provide more than just a "'roadmap'" for the case, and Defendants are entitled a long-overdue trial management plan from Plaintiffs.[37] Defendants further argue that Plaintiffs' protestations that the Court has not ruled on whether representative testimony will be permitted, resulting in Plaintiffs' inability to narrow the witness list, is a problem of Plaintiffs' making.[38] Defendants argue that Plaintiffs have refused to present the questions of representative

---

[33] Dkt. 418 at 3.

[34] *Id*.

[35] *Id.* at 3 (internal alteration omitted) (citing Dkt. 415 at 2–7).

[36] *Id*. at 4.

[37] *Id*.

[38] *Id.* at 5.

7

testimony before the Court and have resisted Defendants' efforts to engage in a meaningful discussion of this question.[39] For these reasons, Defendants request "that Plaintiffs be ordered to narrow their FDW List to those witnesses class counsel truly expects to call at trial and thereby enable [Defendants] to assess its remaining merits discovery needs in time to have addressed them by the November 13 discovery deadline."[40]

At the Court's direction,[41] Plaintiffs filed a response to Defendants' Motion in which Plaintiffs' argue their FDW List comports with the requirements of Local Rule 16.1(c), the Federal Rules of Civil Procedure, and the guidance provided in the 26(f) Report.[42] Plaintiffs argue they have made a good faith effort to identify those lay witnesses that Plaintiffs reasonably believe will testify at trial, "judiciously selected which individuals to include on the witness list[,] and carefully considered the anticipated testimony that these individuals would provide."[43] Plaintiffs state they reasonably believe they will call all named Rule 23 Class Members and FLSA collective action members and include 34 non-class members, "the *exact* number of non-class members included within Defendants' list."[44]

Plaintiffs again argue that Defendants' insistence on a narrower list has no basis in the law or local rules and should be denied[45] and that Defendants fail to identify any "new material" within

---

[39] *Id.*

[40] Dkt. 418 at 3, 5.

[41] Dkt. 420.

[42] Dkt. 421 at 2.

[43] *Id.*

[44] *Id.* at 3 (emphasis in original).

[45] *Id.* at 2; Dkt. 412 at 2, 5–7.

8

the meaning of Local Rule 7.3(h) warranting reconsideration of the Court's previous ruling.[46] Moreover, Plaintiffs' argue Defendants' current Motion "is improperly styled as a motion for reconsideration," and Defendants' proper recourse would have been to file a motion to strike.[47] Finally, Plaintiffs argue that Defendants incorrectly claim that Rule 23 requires the parties to submit a trial management plan.[48]

The purportedly new material fact not previously available and, thus, warranting reconsideration by the Court is the FDW List submitted by Plaintiff.[49] At this point, the Parties have submitted their FDW Lists and, as officers of the Court, party counsel represents that the FDW Lists were submitted in good faith and only include those witnesses the Parties reasonably believe will be called to testify.[50] Admittedly, Plaintiffs' FDW List is quite long and likely overly inclusive.[51] However, given the nature of the class action suit, and given that the Court has not decided whether representative sampling may be used in this case to determine damages[52] and that

---

[46] *See* Dkt. 421 at 2 n.3.

[47] *Id.* at 2, 2 n.3.

[48] *Id.* at 6 n.10 (citing *Heffelfinger v. Elec. Data Sys. Corp.*, 2013 WL 12201050, at *17 (C.D. Cal. Feb. 26, 2013) ("Plaintiffs, of course, are not required to submit a trial plan for litigation of a class action."); *Sullivan v. Kelly Services, Inc.*, 268 F.R.D. 356, 365 (N.D. Cal. 2010) ("Nothing in Rule 23 requires Plaintiff to submit a formal trial plan along with her motion for class certification."); *Chamberlan v. Ford Motor Co.*, 402 F.3d 952, 961 n.4 (9th Cir. 2005)).

[49] *See* D. Alaska L.R. 7.3(h)(1)(B); Dkt. 418.

[50] *See* Dkt. 413 at 2 (quoting 26(f) Report")).

[51] *See Iorio v. Alliance Life Ins. Co. of N. Am.*, No. 05CV633 JLS (CAB), 2009 WL 10671907, at *2–3, *7 (S.D. Cal. May 18, 2009) (denying defendant's motion to amend witness list to include every class member, noting "if every class member will testify at the trial, then this action is no longer a class action, but instead becomes the aggregation of individual mini-trials that the class action device is expressly designed to preclude.").

[52] Dkt. 300 at 32 n.139.

individual class member testimony may be appropriate to establish each individual's damages,[53] Plaintiffs' FDW List does not clearly violate the Local and Civil Rules.[54] It is not improper to designate all class members who may reasonably testify. Moreover, an underinclusive list at this stage could prove more prejudicial to Defendants in the long run. Accordingly, for the foregoing reasons, Defendants' Motion is **DENIED**.

## V. CONCLUSION

Defendants have not shown that there is any error of fact or law in the Court's decision. Accordingly, the Motion for Reconsideration at Docket 418 is **DENIED**.

IT IS SO ORDERED.

Dated at Anchorage, Alaska, this 3rd day of December 2020.

/s/ *Timothy M. Burgess*
TIMOTHY M. BURGESS
UNITED STATES DISTRICT JUDGE

---

[53] *See* Dkt. 418 at 5 (citation to Plaintiffs' filing omitted).

[54] Additionally, the Court agrees with Plaintiffs that production of a narrower witness list would not suddenly entitle Defendants to additional depositions, in contravention of the Court's previous limitations. *See* Dkts. 418 at 4 (Defendants contend that they need access to a narrower list to allow them to see, "*while [Defendants] still have a chance to depose them*, who will most likely be testifying against them."); 421 at 5 ("Given the Court's prior ruling on Defendants' motion to compel absent class discovery, which limited Defendants to taking four absent class member depositions, Defendants do not get to use the final discovery witness list as a guise to relitigate their motion to compel."); *see also* Dkt. 389 (Order Limiting Absent Class Member Discovery). The Court also notes that since the filing of this Motion, the fact discovery deadline has lapsed. Dkt. 396 (Scheduling Order).